## Chapman v. Commonwealth.

(Decided June 6, 1930.)

J. L. VALLANDINGHAM and L. M. ACKMAN for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS VEST for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Porter Chapman was found guilty of stealing turkeys and his punishment fixed at one year in the penitentiary. He appeals, and his first ground is that the verdict is flagrantly against the evidence.

Some time between 11:30 p. m., December 20, and 5:00 a. m., December 21, 1928, some one stole six turkeys from W. C. Carter of Needmore, Owen county, Ky. About 11:30 p. m. December 21st these turkeys were sold to Jack Chipman a merchant at Heekin, Grant county, Ky., by Allen Overstreet and Porter Chapman for $17.25,

and the money divided between them. On December 24th Overstreet was arrested, and Chapman went into hiding in Indiana.

Chapman's explanation is that on December 21st Overstreet told him he had bought these turkeys from Robert Vermillion, and that if he would furnish his machine and help him take them to Cincinnati he would give him half of them, that they started in Chapman's machine, but when near Chipman's it broke down, and hence the turkeys were sold to Chipman. His explanation of his flight is that on December 24th Vermillion told him Overstreet had been arrested, that the officers were looking for him, and that if he (Chapman) would leave Vermillion knew Carter and could straighten it up.

While the evidence is not abundant, there is enough to sustain the jury's verdict.

Chapman's next complaint is this:

In accounting for how he happened to arrange with Overstreet to take the turkeys to market, he testified he had gone down to Overstreet's to get a drink of whisky, and, after he had had the drink, Overstreet had but little whisky left and asked Chapman to help him take the turkeys to market and they would replenish their supply; that Overstreet was then drunk. On cross-examination Chapman was forced to admit that he had been a witness before the grand jury of Grant county in February, 1929, and had then sworn he had not seen any one drunk or in possession of whisky in the previous 12 months.

Chapman objected to this cross-examination, his objections were overruled, and this he says is a prejdicial error.

It was important for Chapman to explain why he happened to be at Overstreets and how he happened to sell these turkeys to Chipman. When he stated he went to Overstreet's to get whisky, got it, then arranged with Overstreet to take him and the turkeys to Cincinnati for a division of the proceeds, that his machine broke down near Chipman's, and that he (Chapman) conducted the negotiations and made the sale to Chipman because Overstreet was drunk, then it was legitimate for the commonwealth to ask him if he had not after that as a witness before the grand jury testified he had seen no one drunk or in possession of whisky in the previous 12 months.

Then this is in the record:

"Q. Then you admit you swore falsely before the grand jury? (Defendant objected, his objection was overruled and he excepted.) A. Yes, sir, I did."

This objection should have been sustained, but the asking and answering of it told the jury nothing it did not already know, hence it was not prejudicial.

Chapman offered himself as a witness, and one of the ways in which a witness may be impeached, set out in our Code of Practice, is *"by showing he has made statements different from his present testimony."* Sec. 596.

Unfortunately for the accused in his efforts to escape the felony for which he was on trial he felt himself compelled to say things that enabled the commonwealth to compel him to admit he had been guilty of another, still the attorney for the commonwealth went not beyond the bounds of permissible cross-examination, and Chapman is the victim of mischief of his own making.

In his grounds for a new trial he alleged a number of other errors were committed, but he has not discussed them in his brief, so they are waived.

Judgment affirmed.